UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WILLIAM HOOKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent.[1] | Case No. 21-cv-04228-VC   (PR)<br><br>**ORDER DISMISSING ONE CLAIM, ISSUING ORDER TO SHOW CAUSE ON TWO CLAIMS**<br><br>Re: Dkt. No. 2 |

　　Maurice William Hooker is a state prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence. His application to proceed in forma pauperis is granted.

　　Hooker asserts three claims: (1) his lengthy sentence constitutes cruel and unusual punishment; (2) the restitution portion of his sentence constitutes cruel and usual punishment; and (3) ineffective assistance of counsel.

　　Hooker's contention that the restitution portion of his sentence is unconstitutional must be dismissed because there is no habeas jurisdiction over a challenge to a restitution order. Under 28 U.S.C. § 2254 a habeas petition may be entertained "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," which requires "a nexus between the petitioner's claim and the unlawful nature of the custody" *Bailey v. Hill*, 599 F.3d 976, 979-80 (9th Cir. 2010). For this requirement to be satisfied, success

---

[1] The Clerk shall substitute as the respondent, Matthew Atchley, the warden of Salinas Valley State Prison, where Hooker is presently incarcerated. *See* Fed. R. Habeas Corpus 2(a) (the respondent is the state officer who has custody of the petitioner).

on the claim must result in a change in the restraint on the petitioner's liberty. *Id.* at 981. A challenge to a restitution order does not meet this requirement because success might cause the restitution to be set aside but would not affect any restraint on the petitioner's liberty. *Id.* at 981.

Hooker's Eighth Amendment claim about the length of this sentence and ineffective assistance of counsel appear to give rise to cognizable habeas claims.

The court issues the following orders:

1. Claim two is dismissed. Dismissal is with prejudice because amendment would be futile.

2. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Hooker.

3. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Hooker an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued on the judicial bias claim. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Hooker wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Hooker a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Hooker shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the

motion, and Respondent shall file with the Court and serve on Hooker a reply within fourteen days of receipt of an opposition.

5.  It is Hooker's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: August 2, 2021

_____
VINCE CHHABRIA
United States District Judge