UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WILLIAM HOOKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW ATCHLEY,<br><br>　　　　Respondent. | Case No. 21-cv-04228-VC   (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 7 |

　　Maurice William Hooker, a state prisoner, files a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence. The petition presents two cognizable habeas claims: (1) ineffective assistance of counsel and (2) cruel and unusual punishment based on Hooker's lengthy sentence. The respondent moves to dismiss the petition on the ground that it is a second or successive petition. For the following reasons, the motion is granted.

## PROCEDURAL BACKGROUND

　　In 2008, Hooker pleaded no contest to two felony counts: corporeal injury on a spouse; and corporeal injury on a child. Hooker also pleaded no contest to various enhancements, including five strike prior convictions. The court sentenced Hooker to a term of 63 years to life in prison. Ex. A, December 18, 2009 California Court of Appeal opinion affirming judgment. The California Supreme Court summarily denied review in 2010. Ex. B.

　　In 2011, Hooker filed a federal petition for a writ of habeas corpus challenging the 2008 Santa Clara County conviction. He asserted two claims: ineffective assistance of counsel and improper denial of his *Romero* motion. *See Hooker v. Spearman*, case no. 11-1652 SBA, ECF

No. 13.  On July 16, 2014, the district court denied the petition on the merits and denied a certificate of appealability.  *Id.*  On February 9, 2015, the Court of Appeals denied Hooker's request for a certificate of appealability.  Ex. D.

In 2017, Hooker filed another petition for a writ of habeas corpus in this court challenging his 2008 conviction, which was dismissed as a second or successive petition.  *See Hooker v. Fox*, case no. 17-0337 DMR, ECF No. 3.  Subsequently Hooker applied to the Ninth Circuit Court of Appeals for authorization to file a second or successive petition challenging his 2008 convictions.  Ex. E.  The application was denied on June 28, 2017.  Ex. F.

On June 3, 2021, Hooker filed this petition for a writ of habeas corpus challenging the same 2008 conviction he challenged previously.

## DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The district court is

"without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals. *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

In 2011, Hooker filed a habeas petition challenging the same 2008 Santa Clara criminal judgment that he challenges in this petition. The 2011 petition was denied on the merits. In both petitions he asserts ineffective assistance of counsel. In this petition he asserts an Eighth Amendment claim of cruel and unusual punishment. Although he did not bring the Eighth Amendment claim in his 2011 petition, that claim may not be asserted in a new petition unless it meets the requirements of section 2244(b)(2).

In his opposition, Hooker reargues the merits of his case, but does not address the respondent's argument that his petition is successive or that his claims meet the requirements of section 2244(b)(2). Furthermore, Hooker tried and failed to obtain authorization from the Ninth Circuit to file a successive petition.

## CONCLUSION

Therefore, the motion to dismiss the petition as successive is granted. Dismissal is with prejudice because amendment would be futile. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Clerk of the Court will issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: 3/22/2022

_____
VINCE CHHABRIA
United States District Judge